IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | SA-17-CR-00871-OLG |
| vs. | § § | |
| (1) STEVE M. GUTIERREZ III, | § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Report and Recommendation arises out of a writ of garnishment issued by this Court to garnish Defendant's wages from his current employer to satisfy the remaining balance of Defendant's restitution debt stemming from criminal proceedings in the Southern District of Texas. Defendant has filed various exemptions to the writ and a request for a hearing, and the District Court referred this matter to a United States Magistrate Judge for consideration and a hearing, if necessary, and for a report and recommendation thereon [#11]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Having reviewed the various filings and the relevant law, the undersigned concludes that a hearing is not necessary and recommends that the Court deny the requested exemptions.

**I. Procedural Background**

On December 15, 2014, Defendant was sentenced by the Southern District to four years of probation and ordered to pay $33,166.00 in restitution under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664, after pleading guilty to threatening communications in violation of 18 U.S.C. § 844(e). (Judgment [#1] at 2–5.) A lien in favor of

the United States arose upon Defendant's sentence and was automatically and statutorily imposed on all of Defendant's property for collection of the outstanding restitution. *See* 18 U.S.C. § 3613(c). As of April 16, 2019, the principal balance of Defendant's restitution debt was $30,911.00.

Defendant's criminal case was transferred to this Court on November 13, 2017 for purposes of exercising jurisdiction over Defendant's probation or supervised release. The United States thereafter initiated an enforcement proceeding pursuant to the Federal Debt Collection Practices Act ("FDCPA"), 28 U.S.C. §§ 3001–3308, to collect on Defendant's restitution debt by garnishing Defendant's wages from his employer SNS Erectors, Inc. ("the garnishee"). The District Court granted the application for the writ and ordered it served on the garnishee SNS Erectors [#4]. SNS Erectors filed its answer admitting that Defendant was an employee; that he is paid weekly; that his disposable earnings after withholdings for taxes, child support, and union dues are deducted is $1,350.53; and that the amount to be garnished from his weekly pay is 25% of this disposable income or $337.63 [#7]. Defendant filed a *pro se* response contesting the garnishment rate, claiming various statutory exemptions, and requesting a hearing [#9]. The United States filed a reply in opposition [#10], asking the Court to reject Defendant's claimed exemptions without a hearing. For the reasons stated herein, the claimed exemptions should be denied.

## II. Analysis

The United States may enforce a judgment imposing a criminal fine or restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a) & (f). One such procedure is a writ of

garnishment under the FDCPA, 28 U.S.C. §§ 3001–3308. This statute provides, in pertinent part:

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody or control of a person other than the debtor, in order to satisfy the judgment against the debtor.

*Id.* § 3205(a). "Nonexempt disposable earnings" means 25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act. 28 U.S.C.A. § 3002(9).

Certain property is exempt from garnishment. This includes "property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10) and (12) of the Internal Revenue Code of 1986." 18 U.S.C. § 3613(a)(1). The party filing an objection based on one of these statutory exemptions has the burden of proving the grounds for any claimed exemption. 28 U.S.C. § 3205(c)(5); *see also United States v. Kemp*, No. 3–96–CR–300–P, 2002 WL 31548868 at *2 (N.D. Tex. Nov. 12, 2002).

Defendant invokes the statutory exemptions listed at (a)(1), (2), (5), and (8) of the Internal Revenue Code and maintains that 25% garnishment of his wages will cause him a financial hardship. (Claim for Exemption Form [#9] at 2–3.) The sections of the Internal Revenue Code invoked by Defendant provide, in pertinent part:

> There shall be exempt from levy:
>
> (1) Wearing apparel and school books.—Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family;
>
> ****
>
> (2) Fuel, provisions, furniture, and personal effects.—So much of the fuel, provisions, furniture, and personal effects in the taxpayer's household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $6,250 in value;

3

> \*\*\*\*
>
> (5) Undelivered mail.—Mail, addressed to any person, which has not been delivered to the addressee.
>
> \*\*\*\*\*
>
> (8) Judgments for support of minor children.—If the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

26 U.S.C. § 6334.

None of these exemptions applies to the writ of garnishment issued by this Court because the United States is not attempting to garnish any of the exempt property identified by Defendant. The garnishee's answer indicates that child support is deducted from Defendant's income prior to assessing the 25% garnishment of his wages. (Answer [#7] at 2.) Accordingly, the garnishment order does not interfere with any preexisting child support judgments. As to the personal property such as clothes, school books, fuel, furniture, and provisions, it is the property itself that is exempt from garnishment, not wages that may in the future be used to purchase such items. *See* 26 U.S.C. § 6334; *United States v. Jones*, 6:14-cr-00284-WSS (W.D. Tex. Aug. 13, 2016) (Doc. No. 56) ("While the types of property Defendant *intends* to purchase are exempt, they do not become exempt until they *are* purchased and become property of the Defendant.") (emphasis in original). Finally, where the garnished amount does not exceed the percentage allowable by statute, as here, a claim of financial hardship is not a valid objection to a writ of garnishment. *United States v. Tisdale*, No. 3:12-CV-5250-L, 2013 WL 4804286, at \*5 (N.D. Tex. Sept. 9, 2013).

Because all of the issues raised in Defendant's response are legal in nature, Defendant's request for a hearing should be denied. The scope of any hearing held in this case would be limited to evaluating (1) the validity of any claim of exemption and (2) the government's compliance with the statutory requirements for the garnishment process. *See* 28 U.S.C. § 3202(d). Defendant does not argue that the United States failed to comply with the statutory requirements, and Defendant's claimed exemptions are legally invalid, as set forth herein.

### III. Conclusion and Recommendation

In summary, the request for garnishment by the United States does not exceed the limitations imposed by law, and Defendant has not raised any valid objection to the writ issued by this Court. Accordingly,

**IT IS THEREFORE RECOMMENDED** that Defendant's claims of exemption should be denied.

### IV. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections

to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 18th day of July, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE